**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GLORIA D. DICKERSON,** | Civ. No. 15-3747 (KM)(JBC) |
| **Plaintiff,** | **OPINION & ORDER** |
| **v.** | |
| **WELLS FARGO BANK, N.A. AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST SERIES; HONORABLE JUDGE MENELAOS W. TOSKOS, J.S.C.** | |
| **Defendants.** | |

Plaintiff Gloria D. Dickerson has asked this Court to enter a temporary restraining order. She seeks to enjoin the defendants (a bank and a state court judge) from proceeding "with any and all foreclosure actions" pending the resolution of a lawsuit she has filed in this Court. I will deny the application and motion.

## Background

There are few details in Ms. Dickerson's complaint. It appears that defendant Wells Fargo has initiated foreclosure proceedings on Ms. Dickerson's home in Englewood, NJ. The complaint alleges that over the course of those proceedings, Wells Fargo and the presiding state court judge, the Honorable Menelaos W. Toskos, have acted inappropriately. According to Ms. Dickerson, Judge Toskos either refused to admit or did not consider certain evidence and improperly held a hearing outside of her presence. She also alleges generally

1

that Judge Toskos and Wells Fargo have treated her like a "subhuman" and have a "cozy" relationship with one another.

Ms. Dickerson alleges that these actions violate "the U.S. Civil Rights Acts, Fair Housing, Consumer Credit, U.S. Constitution Rights to Equal Protection to a fair, full, impartial hearing," and constitute "Gender and Racial Discrimination."

There is no indication in the record that the defendants have been served or in any way notified of the complaint against them or of the request for a temporary restraining order.

## Discussion

The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir. 1989). Even giving this *pro se* complaint the most liberal construction, I cannot find a basis for such relief here.

Where, as here, a party asks the Court to issue a temporary restraining order without notice to the nonmoving parties, the standard is even higher. The movant must demonstrate that irreparable and immediate harm will result if the court does not issue the order before the nonmoving party can be heard.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

FED. R. CIV. P. 65(b)(1).

The only relevant paper before the court is the complaint; there is no affidavit or supporting evidence. The complaint gives no indication that any irreparable injury is imminent. It does not state, for example, what phase the state court proceedings have reached. From the context, it might be inferred that foreclosure proceedings are ongoing, but have not yet resulted in a judgment of foreclosure, but that is far from certain. It is not clear from the

complaint whether the foreclosure will happen at all, and if so, whether it is happening tomorrow or a year from now. I therefore have no basis to find that "immediate and irreparable" damage will occur in the absence of an emergency injunction.

In addition to the basic requirement of exigency, courts consider four factors in deciding whether a temporary restraining order or other injunctive relief should issue.

> (1) whether the moving party has a reasonable probability of success on the merits;
> (2) whether the moving party will suffer irreparable harm in the absence of relief;
> (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and
> (4) whether an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp., York Cnty., Pa., Located on Tax ID #440002800150000000 Owned by Brown*, 768 F.3d 300, 315 (3d Cir. 2014). The complaint here does not provide a basis to conclude that any of those criteria are satisfied. As discussed above, there is no indication here that Ms. Dickerson will suffer irreparable harm in the absence of an injunction. Nor is there any indication as to what harm might be done to the defendants or others. Because the complaint provides few details about Ms. Dickerson's claim, it is impossible to evaluate her likelihood of success on the merits; to do sure would be pure guesswork. Finally, with so little context for Ms. Dickerson's allegations, it is impossible to tell what "policy considerations" might bear on whether a temporary restraining order should issue. WRIGHT & MILLER, 11A FED. PRAC. & PROC. CIV. § 2948.4 (3d ed.). In other words, the complaint gives no indication that a restraining order is in the public interest.

## **ORDER**

**ACCORDINGLY, IT IS**, this 4th day of June, 2015, **ORDERED** that the plaintiff's request (Dkt. No. 1) for an "emergency injunction," which I interpret as an application for a temporary restraining order, is **DENIED**.

**KEVIN MCNULTY**
**United States District Judge**

4