NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA D. DICKERSON, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., *et al.* <br><br> Defendant | Civ. No. 15-cv-3747 (KM) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Gloria D. Dickerson brings this action against the holder of a mortgage on her property and Hon. Menelaos W. Toskos, J.S.C., the presiding judge in a foreclosure action. The papers do not reveal whether the state foreclosure proceedings have yet resulted in a judgment. Ms. Dickerson originally filed the action as a request for emergency injunctive relief to stop the state proceedings, an application which I denied. (ECF No. 3) Now before the Court is the motion of the defendant, Wells Fargo Bank, N.A., to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion is unopposed. For the reasons stated herein, it will be granted.

**Applicable standards**

Rule 12(b)(1) governs jurisdictional challenges to a complaint. Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may

1

dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.,* 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa,* 67 F. Supp. 2d at 438. Here, the parties rely only on the complaint and matters relied upon in it, or attached to it.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Dickerson here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

2

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**Analysis**

Defendants asserts several grounds for dismissal. I briefly discuss them.

The legal allegations of the complaint read, in their entirety:

> U.S. Civil Rights Act, Fair Housing, Consumer Credit, U.S. Constitution Rights to Equal Protection to a fair, full, impartial Hearing, Gender and Racial Discrimination.

(ECF No. 1 at 2)

The factual allegations of the complaint read, in their entirety:

> Defendants failed to communicate with Plaintiff and displayed such behavior in Court telling Judge that Plaintiff has no ownership in her home located at 375 Highview Rd., Englewood, NJ. Hon. Judge Koblitz admonished him to assure him of my c0-ownership with my former husband, Ralph Dickerson Jr. Defendants have treated Plaintiff like a subhuman in all proceedings. Judge Toskos has blatantly denied Plaintiff a full, fair, and impartial hearing in his Court in Bergen County. Plaintiff was denied the opportunity to show the Court evidence of misconduct by Defendants toward her. Documents to prove that Plaintiff were never considered by Judge Toskos. His clerk, at the time, failed to scheduled the timely motion properly and when Plaintiff showed up for the Hearing, she was told there was none scheduled. The Clerk was arrogant and rude. Called me after I left and was almost back to New York, asking if I wanted to return for a hearing. Told him I was unable to return then. The Judge made his decision without rescheduling to give me a fair hearing.

> Plaintiff alleges that Judge Toskos and Attorneys for Wells Fargo have a "cozy" relationship and deems it illegal and inappropriate. There is evidence that there was regular communication where <u>Plaintiff was excluded</u>.

(ECF No. 1 at 3)

### 1. Failure to state a claim

The complaint does not state with the requisite specificity the basis of a federal claim. It lists a number of statutes by title. It catalogues indignities at the hands of the state court and Wells Fargo, and states that proceedings were unfair. Even judged by the forgiving standards applicable to a *pro se* complaint, this is inadequate.

There is no discernible connection between the facts and most of the statutes listed. No factual basis for a charge of gender or racial discrimination appears, whether considered under the Fair Housing Act (FHA), the Equal Credit Opportunity Act (ECOA), or other antidiscrimination legislation. *See* 42 U.S.C. § 3605; 15 U.S.C. § 1691. *See generally Wright v. Castle Point Mortgage*, No. 05-cv-4851, 2006 WL 1468678 at *4 (D.N.J. May 24, 2006) (elements of ECOA and FHA claims). The Civil Rights Action of 1964, *see* 42 U.S.C. § 2000a *et seq.*, which governs discrimination in places of public accommodation, does not have any obvious application.

Many of the allegations arise from things said, especially by Wells Fargo's counsel, in the foreclosure proceedings. The plaintiff alleges that such in-court statements were untrue, insulting, or prejudicial. Such statements are not, in and of themselves, actionable. They are protected by the litigation privilege. *See Loigman v. Twp. Comm. Of Twp. Of Middletown*, 889 A.2d 426, 433–34 (N.J. 2006). Court proceedings and appeals therefrom—not lawsuits based on in-court statements—are the means of correction.

### 2. Abstention/Jurisdiction

In addition, and in the alternative, the Court will abstain from hearing these claims, which arise directly out of state court proceedings. This is a federal trial court, not a state court of appeals.

The *Rooker-Feldman* doctrine denies federal court jurisdiction over "cases brought by state court losers complaining of injuries caused by a state court judgment rendered before the district court proceedings commenced and

inviting the district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus the federal courts will apply *Rooker-Feldman* to bar claims seeking to reverse or overturn state court foreclosure judgments and rulings. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (claim for rescission that would negate prior state court foreclosure); *Mamu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012) (borrower's claims that her federal rights were violated by foreclosure).

It is unclear from the record whether the foreclosure proceeding is currently in progress, or whether judgment has been entered. Should proceedings be still ongoing, I consider *Colorado River* abstention.[1] *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976). That doctrine "allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Notionwide Mut. Fire Ins. Col. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). A court should consider which court first assumed jurisdiction; the inconvenience of the federal forum; avoiding piecemeal litigation; the order in which jurisdiction was obtained; whether federal or state law controls; and whether the state court will protect the parties' interest. *Id.* Those factors point to abstention.

The state foreclosure action was filed first, and state law foreclosure is the very substance of the matter at issue here. All issues should be decided in that proceeding, and the plaintiff's complaints should be asserted there, or on appeal from any judgment. Plaintiff asserts that the state court has erred or is erring, but this court is not equipped to correct state court errors. Indeed, it appears that the plaintiff filed this action only in the hope of obtaining an *ex parte* injunction against the state court action, which was denied, and has now lost interest; she has not responded to these motions to dismiss. T

---

[1] It is not necessary to consider the applicability of *Rooker-Feldman* to interlocutory state court rulings.

5

Ms. Dickerson is not the first state court foreclosure defendant to have this idea. This district has repeatedly invoked *Colorado River* to abstain from hearing what amount to collateral attacks on pending state foreclosure proceedings. *See Ruffolo v. HSBC Bank USA, N.A.*, No. 14-cv-638, 2014 WL 4979699 (D.N.J. Oct. 3, 2014); *DiPietro v. Landis Title Co.*, No. 11-cv-5110, 2012 WL 2116404 (D.N.J. June 11, 2012) (defendant in pending state foreclosure sues bank, title company, state judge, and law clerk); *St. Clair v. Wertzberger,* 637 F. Supp. 2d 251, 255 (D.N.J. 2009) (defaulting defendant in pending state foreclosure sues bank's attorneys under Fair Debt Collection Practices Act).

On the jurisdictional grounds of *Rooker-Feldman,* and the abstention grounds of *Colorado River,* too, I will grant the motions to dismiss.

### 3. Judicial Immunity

Finally, as to Judge Toskos, I add that immunity poses another, insuperable barrier to suit. I set aside the Eleventh Amendment and its complexities, discussed in his brief. As a judicial officer, acting in his official capacity, Judge Toskos is immune from suit.

Judges are entitled to absolute immunity from suits based upon the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10, (1991)(per curiam); *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). There can be no doubt that plaintiff's claims against Judge Toskos are based on his official acts in connection with the foreclosure proceedings. As to those, he enjoys absolute immunity.

For this reason, too, the motion to dismiss must be granted as to Judge Toskos.

## CONCLUSION

For the foregoing reason, the unopposed motions to dismiss filed by Judge Toskos (ECF no. 5) and Wells Fargo (ECF no. 10) are GRANTED. An appropriate order accompanies this opinion.

Dated: March 2, 2016

_____
KEVIN MCNULTY
United States District Judge